Laura **JEPSEN**, Plaintiff-Appellant,

v.

**FLORIDA BOARD OF REGENTS**, Defendant-Appellee,

**Marshal Criser, Chairman, et al., Defendants.**

No. 83–3493.

United States Court of Appeals, Eleventh Circuit.

March 5, 1985.

Judith A. Brechner, Dept. of Educ., Gene T. Sellers, Gerald B. Jaski, Gen. Counsel, Florida State University, Tallahassee, Fla., for defendant-appellee.

Kent Spriggs, Tallahassee, Fla., for plaintiff-appellant.

Before TJOFLAT and FAY, Circuit Judges, and ALLGOOD,* District Judge.

PER CURIAM:

The appellant, Laura Jepsen, Professor Emeritus at Florida State University, originally filed suit against the Florida Board of Regents in 1974. This suit alleged that she had been discriminated against because of her sex in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., as amended by the Equal Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 103.

Dr. Jepsen began teaching in the English Department at Florida State University in 1946 when it was Florida State College for Women. In 1947 she was promoted from the rank of instructor to assistant professor. She was not promoted again until 1971, twenty-four years later. She has three degrees from the University of Iowa: a Bachelor's in journalism, a Master's in Latin and Greek, and a Ph.D in English with a minor in philosophy. She also did additional work at Harvard and William and Mary. Over the course of her career she has had two books and numerous articles and reviews published. Dr. Jepsen contends that male professors with the same or similar qualifications were promoted after five or six years, but that she was not promoted because of her sex.

In filing suit against the Florida Board of Regents, Dr. Jepsen claimed that the defendants had been guilty of discrimination prior to 1972, the year in which Title VII was amended to apply to governmental entities. Even though the pre-1972 discrimination is not actionable under Title VII, it is Dr. Jepsen's contention that the earlier failure to promote has a present discriminatory effect on her current rank and salary.

The case was tried in June 1976 and an order denying relief and dismissing the action was entered in April 1977. On appeal that order was reversed and the case was remanded to the district court. Jepsen v. Florida Board of Regents, 610 F.2d 1379 (5th Cir.1980). The Court of Appeals found the district court had imposed upon the plaintiff a more stringent burden of proof than that applicable in Title VII cases by requiring her to show abuse of discretion on the part of University officials for failing to promote her. The standard in Title VII cases, as set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 26 L.Ed.2d 668 (1973), is the same in cases brought against universities as in all other Title VII cases.

In this earlier action the district court had also limited the plaintiff to proof of discriminatory acts occurring after the enactment of Title VII in 1964. Citing United States v. Jacksonville Terminal Co., 451 F.2d 418, 438 (5th Cir.1971), cert. denied, 406 U.S. 906, 92 S.Ct. 1607, 31 L.Ed.2d 815 (1972), the Court of Appeals reiterated that "[e]vidence of pre-Act discrimination is admissible to prove that facially neutral policies and practices have operated to continue the effects of past discrimination." The court concluded that in light of the infrequency of promotions in an academic career, the eight year limit imposed by the district court operated to exclude proof which was relevant to the plaintiff's claim.

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

On remand, the plaintiff attempted to amend her complaint to add a cause of action under the Equal Pay Act. The motion was denied and a separate cause of action under the Equal Pay Act was filed. Judgments in favor of the plaintiff were entered in both cases the same day. In the Equal Pay Act case Dr. Jepsen was awarded double liquidated damages based on the back pay awarded in the Title VII case. The $1,984.00 awarded was equal to the lost earnings for the 1977–78 school year. The Court applied a three year limitation to the Equal Pay Act case from the date of filing in 1980. Because the motion to amend had been denied, there was no relation back on the other years. The judgment in the Equal Pay Act case was appealed and affirmed without opinion by the Eleventh Circuit on June 30, 1983. *Jepsen v. Florida Board of Regents*, 710 F.2d 838 (11th Cir.1983).

In the Title VII case the court found that Dr. Jepsen had suffered discrimination because of her sex which resulted in a loss of salary for six years prior to her retirement. The court found, however, that the discrimination had not resulted in a denial of promotion to full professor.

On appeal the plaintiff contends the district court erred in failing to find that she should have been promoted to the rank of full professor or at least compute her damages on that basis. She also argues again that the district court abused its discretion in failing to allow her to amend her complaint to add the cause of action under the Equal Pay Act.

In a lengthy and thoughtful opinion the trial judge reviewed in detail all of the evidence presented. At the second trial, the plaintiff was allowed to present evidence of discrimination back to 1946. It was this additional evidence that the judge said changed the complexion of the case entirely. The judge analyzed the evidence according to standards set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972), *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 257, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) and *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 575, 98 S.Ct. 2943, 2948, 57 L.Ed.2d 957 (1978), and concluded that the plaintiff had established that during the 1950's and the 1960's similarly qualified males were promoted to associate professor while neither she nor any other female was promoted. In its defense Florida State University asserted that during that time period it was moving from a women's college to a co-educational university and the hiring and promotion of male faculty was a major objective. The court observed that the defendant's "business necessity" defense came "dangerously close to an outright admission of sex discrimination."

While the trial court could not find sufficient comparative data to conclude that Dr. Jepsen would have been promoted to full professor, absent sex discrimination, it did conclude that if she merited the promotion to associate professor in 1971, "she undoubtedly merited it in the 1950's." Based on that conclusion, the court formulated a remedy designed to compensate Dr. Jepsen for the effect the discrimination had had on her salary since 1972. The salaries of male faculty who were hired close to the time Dr. Jepsen was, and who were promoted to associate professor close to the time she should have been, were averaged to arrive at an adjusted salary for Dr. Jepsen. That figure was then used to determine an amount due the plaintiff. The defendants were also instructed to adjust the plaintiff's retirement benefits accordingly.

After a careful review of the record and the contentions of the plaintiff, this court is of the opinion that the trial judge has meticulously followed the mandate in *Jepsen v. Florida Board of Regents*, 610 F.2d 1379 (5th Cir.1980) and that he did not err in finding that Dr. Jepsen might well have remained an associate professor until her retirement. We too recognize the frustration Dr. Jepsen must have felt watching her male colleagues receive promotions while she continued to be passed over. In spite of our reaction to the English Department's blatant sex discrimination, we must

affirm the findings and conclusions of the lower court.

The trial judge fashioned a remedy in accordance with his findings. The plaintiff was awarded back pay and the defendants were instructed to adjust her retirement benefits accordingly. A trial court has wide discretion in fashioning a remedy, *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), and we find that that discretion was exercised properly here.

Likewise, denial of the motion to amend the complaint was not an abuse of discretion on the part of the trial judge.

The judgment of the lower court is AFFIRMED.